Civil Action No. 3:24-cv-01786-BW

---

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

---

In re: Highland Capital Management, L.P.,

*Debtor.*

---

Hunter Mountain Investment Trust,
*Appellant,*

v.

Highland Capital Management, L.P., Highland Claimant Trust, and
James P. Seery, Jr.,
*Appellees.*

---

On Appeal from the United States Bankruptcy Court
for the Northern District of Texas, Bankruptcy Case No. 19-34054-sgj11
Hon. Stacey G.C. Jernigan, Presiding

---

APPELLANT'S OPENING BRIEF

---

STINSON LLP
Deborah Deitsch-Perez
Michael P. Aigen
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Appellant*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. Bankr. P. 8012, Appellant Hunter Mountain Investment Trust ("HMIT") is a trust organized under the laws of Delaware, not a corporation, and need not make a corporate disclosure.

## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves important issues potentially affecting other appellate proceedings pending before this Court involving the same parties. Appellant respectfully submits that oral argument would help put the matter in context and therefore aid the Court's decisional process. *See* FED. R. BANKR. P. 8019.

## LOCAL RULE 8012.1 CERTIFICATE OF INTERESTED PERSONS

Appellant certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that this Court may evaluate possible disqualifications or recusal:

1)  Appellees:

    Highland Capital Management, L.P.
    Highland Claimant Trust
    James P. Seery, Jr.

2)  Counsel for Appellees:

    *Counsel for Highland Capital Management, L.P. and Highland Claimant Trust:*

    Jeffrey N. Pomerantz (CA Bar No. 143717)
    John A. Morris (NY Bar No. 2405397)

i

Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
HAYWARD PLLC
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231

*Counsel for James P. Seery, Jr.:*

Mark T. Stancil
Joshua S. Levy
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000


Omar J. Alaniz
Lindsey L. Robin
REED SMITH LLP
2850 N. Harwood St., Ste. 1500
Dallas, Texas 75201
(469) 680-4292

3)    <u>Appellant filing this brief</u>:

Hunter Mountain Investment Trust

4)    <u>Counsel for Appellant</u>:

Deborah Deitsch-Perez, Esq.
Michael Aigen, Esq.
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201

CORE/3529447.0003/192244963.9

ii

## <u>TABLE OF CONTENTS</u>

CORPORATE DISCLOSURE STATEMENT ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................. i

LOCAL RULE 8012.1 CERTIFICATE OF INTERESTED PERSONS ................. i

TABLE OF CONTENTS ........................................................................................ iii

I.    JURISDICTIONAL STATEMENT ................................................................1

II.   STATEMENT OF ISSUES PRESENTED AND APPLICABLE
STANDARD OF REVIEW ...........................................................................1

III.  INTRODUCTION ..........................................................................................3

IV.   STATEMENT OF THE CASE......................................................................4

V.    SUMMARY OF ARGUMENT ....................................................................10

VI.   ARGUMENTS AND AUTHORITIES ........................................................11

    A.    The Bankruptcy Court Abused its Discretion by Granting the Stay........11

       1.    The Court Failed to Properly Apply the Legal Standard for Issuing a
Stay ...................................................................................................11

       2.    The Issues Raised in the Valuation and Claims Trading Proceedings
and the Motion for Leave Are Not Identical............................................21

       3.    The Bankruptcy Court Abused Its Discretion by Ordering an Indefinite
Stay ...................................................................................................24

VII.  CONCLUSION AND RELIEF SOUGHT ...................................................27

CERTIFICATE OF COMPLIANCE.....................................................................27

CERTIFICATE OF SERVICE .............................................................................28

CORE/3529447.0003/192244963.9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*In re Acis Capital Mgmt., L.P.*,
    604 B.R. 484 (N.D. Tex. 2019) ...........................................................................2

*Alexander v. Navient Sols., Inc.*,
    No. 5:15-CV-00837-RP, 2016 WL 11588317 (W.D. Tex. Feb. 19,
    2016) ...........................................................................................................14, 27

*Cheyney State Coll. Fac. v. Hufstedler*,
    703 F.2d 732 (3rd Cir. 1983) ...........................................................................2

*Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*,
    761 F.2d 198 (5th Cir. 1985) ...........................................................................25

*CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*,
    381 F.3d 131 (3rd Cir. 2004) ...........................................................................25

*In re Davis*,
    730 F.2d 176 (5th Cir. 1984) ...........................................................................25

*Grace v. Vannoy* ...............................................................................................1

*Grigson v. Creative Artists Agency, L.L.C.*,
    210 F.3d 524 (5th Cir. 2000) ...........................................................................2

*Hunter Mountain Inv. Trust v. Highland Cap. Mgmt., L.P., et al.*,
    Case 3:23-CV-02071-E (N.D. Tex.) ...............................................................10

*Jamison v. Esurance Ins. Servs., Inc.*,
    No. 3:15-CV-2484-B, 2016 WL 320646 (N.D. Tex. Jan. 27, 2016) ......11, 14, 27

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) .................................................................................13, 15

*McCoy v. SC Tiger Manor, LLC*,
    No. CV 19-723-JWD-SDJ, 2022 WL 164537 (M.D. La. Jan. 18,
    2022) ...............................................................................................................11

CORE/3529447.0003/192244963.9

*In re Meyertech Corp.*,
  831 F.2d 410 (3rd Cir. 1987) .................................................................2

*Morris v. Spectra Energy Partners (DE) GP, LP* ............................12, 24

*In re Ramu Corp.* ..................................................................................20

*In re Reliant Energy Channelview L.P.*,
  594 F.3d 200 (3d Cir. 2010) ...........................................................2, 7

*Texas v. United States*,
  40 F.4th 205 (5th Cir. 2022) .......................................................11, 13

*United States v. Rainey*,
  757 F.3d 234 (5th Cir. 2014) ............................................................14

*In re West Delta Oil Co.*,
  2023 WL 21016578 (5th Cir. 2003) ..................................................12

*Wheeling-Pittsburgh Steel Corp. v. McCune*,
  836 F.2d 153 (3rd Cir. 1987) ............................................................25

## Statutes

28 U.S.C. § 157 .......................................................................................1

28 U.S.C. § 158(a) ..................................................................................1

28 U.S.C. § 1334 .....................................................................................1

Public Utility Holding Company Act of 1935 ........................................15

## Other Authorities

Fed. R. Bankr. P. 8002 ............................................................................1

Fed. R. Civ. P. 12(b)(6) .......................................................................8, 22

CORE/3529447.0003/192244963.9

## I.     JURISDICTIONAL STATEMENT

This is an appeal from the bankruptcy court's Order granting Highland's Motion to Stay ("Stay Order"), which issued an indefinite stay of Appellant's motion for leave to file a Delaware complaint against Appellees. The bankruptcy court exercised jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. The stay extends "until a court of competent jurisdiction enters final, non-appealable orders" resolving two unrelated appeals. As explained by the Fifth Circuit in *Grace v. Vannoy*, appellate jurisdiction is properly exercised over "'a 'small class' of collateral orders [that] 'are too important to be denied immediate review.'" 826 F.3d 813, 815-16 (5th Cir. 2016) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). A stay that has "the practical effect" of a dismissal falls into that small class. *Id.* at 817 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13 (1983)).

The Stay Order, entered on June 24, 2024, should be treated as final and appealable. Appellant timely appealed on July 8, 2024. ROA.000001-8; Fed. R. Bankr. P. 8002. Accordingly, this Court has jurisdiction over this appeal. 28 U.S.C. § 158(a).

## II.     STATEMENT OF ISSUES PRESENTED AND APPLICABLE STANDARD OF REVIEW

1.     Whether the bankruptcy court abused its discretion in issuing an indefinite stay of Appellant's motion seeking permission to bring suit in Delaware

1

to remove the trustee of a Delaware statutory trust when (1) the prerequisites for issuing a stay were not met; (2) the bankruptcy court erroneously concluded that the issue of Appellant's standing to seek removal of the trustee would be decided in other cases pending before the bankruptcy court; and (3) an indefinite stay of the type issued by the bankruptcy court is expressly disfavored by the Fifth Circuit.

**Standard of Review**: This Court applies an abuse of discretion standard when reviewing matters committed to the bankruptcy court's discretion.[1] "To constitute an abuse of discretion, the [bankruptcy] court's decision must be either premised on an application of the law that is erroneous, or on an assessment of the evidence that is clearly erroneous."[2] In bankruptcy cases, "the definition of a final order is less than crystalline."[3] While a stay is not "ordinarily a final decision," when a stay amounts "to a dismissal of the underlying suit[,] an appellate court may review it."[4] Appellate jurisdiction for review is "properly invoked by balancing a general reluctance to expand traditional interpretations regarding finality and a desire to effectuate a practical termination of the matter before [the court]."[5]

---

[1] *In re Acis Capital Mgmt., L.P.*, 604 B.R. 484, 506 (N.D. Tex. 2019) (quoting *In re Reliant Energy Channelview L.P.*, 594 F.3d 200, 205 (3d Cir. 2010)), *aff'd sub nom. Matter of Acis Capital Mgmt., L.P.*, 850 Fed. App'x 302 (5th Cir. 2021).

[2] *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

[3] *In re Meyertech Corp.*, 831 F.2d 410, 414 (3rd Cir. 1987).

[4] *Cheyney State Coll. Fac. v. Hufstedler*, 703 F.2d 732, 735 (3rd Cir. 1983).

[5] *Meyertech Corp.*, 831 F.2d at 414.

CORE/3529447.0003/192244963.9

### III.   **INTRODUCTION**

This appeal arises from an order of the bankruptcy court indefinitely staying proceedings initiated by Appellant Hunter Mountain Investment Trust ("HMIT") to remove James P. Seery, Jr. ("Seery") as the trustee of the Highland Capital Management, L.P. Claimant Trust.[6] The Claimant Trust, created pursuant to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. ("Plan"), requires Seery to manage and monetize the assets of Highland Capital Management, L.P.'s ("HCMLP's") reorganized estate in a manner designed to maximize the return to the estate and to ensure the expeditious payoff of HCMLP's creditors (the Claimant Trust's beneficiaries). Seery has failed to do that, largely because he has chosen instead to fund an increasingly sizeable indemnity reserve to protect himself, creating a hopeless conflict of interest that harms all beneficiaries of the Claimant Trust. HMIT is a former equity owner and creditor of HCMLP and a contingent beneficiary of the Claimant Trust that should have been declared "in the money" and received a return of the residual estate long ago. When it became apparent that Seery would never allow that to happen, HMIT filed a Motion for Leave in the bankruptcy court, seeking permission to file a Delaware lawsuit to remove Seery as trustee of the Claimant Trust. In response, HCMLP sought a stay of proceedings arguing,

---

[6] The Claimant Trust is an Appellee in this proceeding because it participated in the Motion to Stay. But the Claimant Trust is also a victim because Seery's actions are injurious to the best interests of the Claimant Trust. There is a substantial conflict of interest.

CORE/3529447.0003/192244963.9

among other things, that two other pending bankruptcy appeals would resolve the issue of HMIT's standing, such that the bankruptcy court should await resolution of those appeals before deciding HMIT's Motion for Leave.[7] In seeking a stay, HCMLP's obvious aim was to insulate Seery from having to defend his misconduct in Delaware court, where judges are tasked with protecting beneficiaries of Delaware trusts from conflicted and hostile trustees.

The bankruptcy court granted HCMLP's motion for an indefinite stay pending appeal despite HCMLP's failure to meet the requisite standard for such relief. As explained below, that was an abuse of discretion. The Stay Order should be reversed.

## IV.  STATEMENT OF THE CASE

On January 1, 2024, HMIT filed its Motion for Leave,[8] seeking leave to file the Delaware Complaint[9] pursuant to the gatekeeping provision of HCMLP's Plan.[10] The Delaware Complaint seeks to remove Seery because he has breached his

---

[7] *See* Highland's Motion to Stay Contested Matter [Dkt. No. 4000] or for Alternative Relief ("Motion to Stay"), dated January 16, 2024, at ¶ 13 (ROA.001635). Seery filed a Joinder to Highland Capital Management, L.P.'s Motion to Stay Contested Matter [Dkt. No 4000] or for Alternative Relief and Emergency Motion to Expedite Hearing on Motion for Stay ("Seery Joinder"), dated January 22, 2024, (ROA.001638-1639). Throughout this brief, HMIT refers collectively to HCMLP, Seery, and the Claimant Trust as "Highland."

[8] Motion for Leave to File a Delaware Complaint ("Motion for Leave"), dated January 1, 2024, (ROA.001468-1505).

[9] *Id.* at Dkt. 4000-1 (ROA.001507-1605).

[10] Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief ("Confirmation Order"), dated February 22, 2021, at ¶ 12 (ROA.000597). The gatekeeping provision required HMIT (along with other Enjoined Parties) to seek the bankruptcy court's leave prior to initiating any action against HCMLP or affecting the property of HCMLP's estate. *Id.* at ¶ 76 (ROA.000639-640).

CORE/3529447.0003/192244963.9

fiduciary duties, including his duty of loyalty by, among other things: (i) using assets of the Clamant Trust to fund an unreasonably large indemnity sub-trust of at least $35 million (reportedly now $50 million)[11] (created in large part to pay Seery's own legal expenses and those of HCMLP's counsel), and (ii) designating still other funds – an additional $90 million – as indemnity reserves, rather than using those funds to pay the claims of Claimant Trust beneficiaries. Indeed, despite the directive of the Claimant Trust Agreement ("CTA") to monetize and distribute Claimant Trust funds expeditiously, and despite having more than sufficient funds to pay remaining creditors, Seery has refused to pay the Class 8 and 9 creditors (comprising holders of unsecured claims) in full and issue the required certification saying he has done so.[12] As HMIT's Delaware complaint alleges, Seery has refused to pay Classes 8 and 9 and issue the required certification entirely to prevent the holders of contingent interests (Class 10 and 11 creditors, comprising the former equity holders in HCMLP) ("Contingent Interest Holders") – including HMIT – —from being recognized as vested beneficiaries under the terms of the CTA. In the meantime, Seery continues to collect professional fees and improperly deplete Claimant Trust

---

[11] Motion for Leave at ¶ 22 (ROA.001484).

[12] Under the CTA, upon paying all Class 8 and Class 9 unsecured creditors in full with interest, Seery is bound to file a "GUC Certification" declaring that the Contingent Interest Holders' claims are vested. CTA, Section V.5.1(c) (ROA.001551) **But he refuses to do so.**

5

assets, among other improprieties. Such conduct is clearly not in the best interests of the unsecured creditors or former equity (*i.e.*, Classes 8, 9, 10, and 11).[13]

As explained in HMIT's Motion for Leave, HMIT has standing to pursue Seery's removal under applicable Delaware law. As an initial matter, even contingent beneficiaries like HMIT have standing to vindicate their rights vis-à-vis a trust under Delaware trust law.[14] But more importantly, Delaware law recognizes HMIT's standing to pursue Seery's removal because it is Seery's own misconduct – namely, his violation of the duty of good faith and fair dealing – that is preventing HMIT from becoming a vested beneficiary under the terms of the CTA.[15] Under these circumstances, the law treats HMIT as if it already vested.

Rather than substantively responding to HMIT's Motion for Leave, Highland sought a stay to delay proceedings, despite the clear potential for irreparable harm to HMIT.[16] Highland's Motion to Stay, which Seery also joined,[17] urged that all proceedings related to the Motion for Leave should be stayed indefinitely until entry of a final, non-appealable order in a separately filed adversary proceeding commenced by The Dugaboy Investment Trust ("Dugaboy") and HMIT ("Valuation

---

[13] Motion for Leave at ¶¶ 49-65 (ROA.001495-1502).

[14] *Id.* at ¶¶ 30-46 (ROA.001487-1494).

[15] *Id.* at ¶¶ 39-46 (ROA.001491-1494).

[16] *See generally* Motion to Stay at ROA.001630-1637.

[17] Seery Joinder at ROA.001638-1639.

Proceeding").[18] Highland argued in its Motion to Stay that HMIT's Motion for Leave should be indefinitely stayed until the Valuation Proceeding is finally concluded, including appeals, because a ruling on whether HMIT is a beneficiary of the Claimant Trust in the Valuation Proceeding will "necessarily dispose" of the Motion for Leave.[19] Highland also argued that a stay will not harm HMIT because a stay will not force HMIT to "wait any time for that issue to be litigated."[20]

Highland's argument was incorrect for two reasons. First, HMIT will be prejudiced by an indefinite stay of the Motion for Leave (which is tantamount to a dismissal of its Delaware complaint), and Highland will not be harmed by a denial of the requested stay. Second, the issues in the Delaware Complaint and the Valuation Proceeding are not identical.

In the Valuation Proceeding, Dugaboy and HMIT seek a determination by the bankruptcy court of the value of the estate and an accounting of the assets held by the Clamant Trust.[21] Highland moved to dismiss the Valuation Proceeding arguing, among other things, that both Dugaboy and HMIT lacked standing because they are

---

[18] *The Dugaboy Inv. Tr., et al. v. Highland Cap. Mgmt., L.P., et al.*, Adv. Proc. No. 23-03038-sgj (Bankr. N.D. Tex.), Complaint to (I) Compel Disclosures about the Assets of the Highland Claimant Trust and (II) Determine (A) Relativity Value of those Assets, and (B) Nature of Plaintiffs' Interests in the Claimant Trust, dated May 10, 2023 ("Valuation Complaint") (ROA.001744-1771).

[19] Motion to Stay at ¶¶ 7-8 (ROA.001633-1634)

[20] Motion to Stay at ¶ 10 (ROA.001634-1635).

[21] Valuation Complaint at ¶¶ 82-92 (ROA.001768-1769).

purportedly not beneficiaries of the Claimant Trust.[22] Highland alternatively argued that the claims in the Valuation Proceeding should be dismissed, contending that: (1) the Court lacks subject matter jurisdiction, (2) HMIT improperly seeks an advisory opinion, (3) the claims are barred by collateral estoppel, and (4) the claims fail as a matter of law.[23] Dugaboy and HMIT opposed the motion to dismiss.[24] On May 24, 2024, the bankruptcy court issued its Memorandum Opinion and Order granting the Motion to Dismiss the Valuation Proceeding.[25] In that order, the court dismissed the complaint, not because of a lack of standing, but under Rule 12(b)(6), finding that Dugaboy could not prove any set of facts demonstrating its right to the relief sought in the Valuation Proceeding.[26] An appeal of that proceeding is pending in this Court.[27]

A stay to await final resolution of the Valuation Proceeding will not facilitate resolution of any issue in this proceeding because the two proceedings assert

---

[22] Memorandum of Law in Support of Highland Capital Management L.P. and the Highland Claimant Trust's Motion to Dismiss Complaint, Adv. Proc. 23-03038, dated November 22, 2023 ("Motion to Dismiss") at ¶ 10 (ROA.001787).

[23] *Id*. at ¶¶ 22-48 (ROA.001793-1807).

[24] The Dugaboy Investment Trust and Hunter Mountain Investment Trust's Response to the Highland Parties' Motion to Dismiss Complaint, Adv. Proc. 23-03038, dated December 29, 2023, at ROA.001809-1838.

[25] Memorandum Opinion and Order Granting Motion to Dismiss Adversary Proceeding in which Contingent Interest Holders in Chapter 11 Plan Trust Seek a Post-Confirmation Valuation of Trust Assets, Adv. Proc. 23-03038, dated May 24, 2024 ("Motion to Dismiss Order"), at ROA.001875-1910.

[26] *Id.* at ROA.001910.

[27] Notice of Appeal, dated June 7, 2024, Adv. Pro. No. 23-03038-sgj (ROA.001947-1987).

CORE/3529447.0003/192244963.9

different claims, rely on different legal grounds for those claims, and request distinct, non-overlapping relief. And critically, the bankruptcy court's decision dismissing the Valuation Proceeding is based on a purported failure to state a claim, not standing,[28] so there is no reason to believe that the appeal of the Valuation Proceeding will address standing.

Further, the stay itself is fundamentally flawed because of its indefinite, and unquestionably lengthy, duration. The bankruptcy court stayed these proceedings not only until final appellate resolution of the Valuation Proceeding but also until resolution of a separate, unrelated adversary proceeding.[29] Specifically, the bankruptcy court stayed proceedings until resolution of HMIT's pending appeal of the bankruptcy court's Memorandum Opinion and Order Pursuant to Plan "Gatekeeper Provision" and Pre-Confirmation "Gatekeeper Orders": Denying Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding [Docket No. 3903].[30] In that separate proceeding, HMIT sought leave to file an adversary proceeding against Seery under the gatekeeping provisions of HCMLP's plan of reorganization for, among other things, breaching his fiduciary duties related to post-confirmation claims trades ("Claims Trading

---

[28] Motion to Dismiss Order at ROA.001987 (word standing does not appear).

[29] Order Extending Stay of Contested Matter [Docket No. 4000], dated June 24, 2024 ("Stay Order"), at ROA.001695.

[30] *Id.* at ROA.001694. The Stay Order calls this order the "Order Denying Leave."

Proceeding").[31] On August 25, 2023, the bankruptcy court issued its Order Denying Leave finding, among other things, that HMIT lacked standing to pursue its claims in the Claims Trading Proceeding.[32] HMIT appealed the Order Denying Leave, and the appeal is pending in this Court.[33]

The bankruptcy court determined that "the legal and factual bases set forth in the Motion [to Stay] establish good cause for the relief granted."[34] But Highland never asked for a stay pending resolution of the Claims Trading Proceeding, and the bankruptcy court offered no further explanation for its finding of "good cause."

## V.    SUMMARY OF ARGUMENT

The bankruptcy court committed reversible error as a matter of law and abused its discretion for three reasons: (1) the court failed to properly evaluate and apply the legal standard for granting a stay; (2) the court failed to appreciate that, because the issues to be addressed in the Valuation Proceeding and the Claims Trading Proceeding are not identical to each other or the standing issue implicated by the Motion for Leave, resolution of the Valuation and Claims Trading Proceedings

---

[31] Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary (sic) Proceeding, together with its Exhibit 1 ("Claims Trading Complaint"), ROA.00747-812.

[32] Memorandum Opinion and Order Pursuant to Plan "Gatekeeper Provision" and Pre-Confirmation "Gatekeeper Orders": Denying Hunter Mountain Investment Trusts' Emergency Motion for Leave to File Verified Adversary Proceeding, dated August 25, 2023, at ROA.001466.

[33] *Hunter Mountain Inv. Trust v. Highland Cap. Mgmt., L.P., et al.*, Case 3:23-CV-02071-E (N.D. Tex.).

[34] Stay Order at ROA.001695.

cannot impact any issue to be decided in this case; and (3) the bankruptcy court committed legal error in issuing an indefinite stay.

## VI.    ARGUMENTS AND AUTHORITIES

### A.    The Bankruptcy Court Abused its Discretion by Granting the Stay

#### 1.    The Court Failed to Properly Apply the Legal Standard for Issuing a Stay

At the outset, the bankruptcy court failed to analyze, much less apply, the proper legal standard for issuing a stay. When evaluating whether a stay of litigation is appropriate, a court must determine "(1) whether the applicant has made a strong showing of likelihood to succeed on the merits; (2) whether the movant will be irreparably harmed absent a stay; (3) whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies."[35] The applicant's "burden is a substantial one, as a stay is an 'extraordinary remedy.'"[36] "The Supreme Court has characterized the circumstances in which a stay [of litigation] is appropriate as 'rare.'"[37]

---

[35] *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022) (quoting *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019), *overruled on other grounds*, *United States v. Texas*, 599 U.S. 670 (2023)); *see also McCoy v. SC Tiger Manor, LLC*, No. CV 19-723-JWD-SDJ, 2022 WL 164537, at *1 (M.D. La. Jan. 18, 2022) (applying these four factors to deny motion to stay pending resolution of related action).

[36] *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022) (quoting *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019), *overruled on other grounds*, *United States v. Texas*, 599 U.S. 670 (2023)).

[37] *Jamison v. Esurance Ins. Servs., Inc.*, No. 3:15-CV-2484-B, 2016 WL 320646, at *4 (N.D. Tex. Jan. 27, 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

The bankruptcy court abused its discretion in determining that Highland met this substantial standard. With limited explanation or analysis, the bankruptcy court found that "there is a likelihood of success on the merits with regard to the issue of Hunter Mountain not having standing," because it had "already ruled on this."[38] In doing so, the bankruptcy court abused its discretion by failing to (1) analyze all of the arguments and authority presented by HMIT in its briefing and at the hearing, and (2) hold Highland to its burden on a motion for stay.

First, the bankruptcy court did not address the authority of *Morris v. Spectra Energy Partners (DE) GP, LP* provided by HMIT, showing that a standing analysis should be more flexible when a defendant controls the facts giving rise to standing.[39] In other words, if Seery has acted in a manner to ensure that the Contingent Interest Holders, like HMIT, never become vested beneficiaries under the Claimant Trust Agreement, that is an action that courts can and should rectify. The bankruptcy court did not even address *Morris*, much less explain why it does not apply to the circumstances here. "A bankruptcy court abuses its discretion if it fails to apply the proper legal standard."[40] In failing to address this authority (and HMIT's substantive

---

[38] June 12, 2024 Hearing Transcript, at 43:19-25 (ROA.002030) (referring to Motion to Dismiss Order (ROA.001875-1970)).

[39] 246 A.3d 121, 136-37 (Del. 2021); *see also* Hunter Mountain Investment Trust's Supplement to Response to Motion to Stay, at ROA.001641-1642.

[40] *In re West Delta Oil Co.*, 2023 WL 21016578, at *3 (5th Cir. 2003).

12

arguments about why it has standing to pursue a Delaware action against Seery), the bankruptcy court failed to apply the correct legal standard.

Second, the bankruptcy court abused its discretion in failing to hold Highland to its "substantial" burden.[41] In its Stay Order, the bankruptcy court determined that "the legal and factual bases set forth in the Motion [to Stay] establish good cause for the relief granted."[42] Highland's Motion to Stay, however, recites no standard at all, nor did Highland seek to satisfy the prevailing standard other than to recount a superficial and incorrect analysis of whether HMIT would suffer harm if the stay is granted. These failures alone were fatal to the Motion to Stay but were ignored by the bankruptcy court.

Rather than addressing the appropriate factors in connection with a motion to stay, Highland cited to only one irrelevant criminal case in which the Fifth Circuit declined to stay an appeal based on a party's representation that it would eventually dismiss the appeal if a superseding indictment survived dismissal.[43] In doing so, the Fifth Circuit cited *Landis* for the unremarkable proposition that the "power to stay proceedings is incidental to the power inherent in every court to control the

---

[41] *Texas v. United States*, 40 F.4th at 215.

[42] Stay Order at ROA.001695.

[43] Motion to Stay at ¶ 9, n.8 (ROA.001634) (citing *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014)).

CORE/3529447.0003/192244963.9

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[44]

A stay, however, is not appropriate simply because other pending litigation involves a similar or even the same standing question.[45] For example, in *Jamison*, the defendant requested a stay pending the Supreme Court's rulings on two separate cases addressing standing and mootness questions that also were present in *Jamison*.[46] The Northern District of Texas rejected the request, finding that "[b]ecause standing is a subject matter jurisdiction question, it can be raised at any time during the litigation."[47] Accordingly, "[a]llowing the case to proceed inflict[ed] no significant hardship" because the defendant could raise the standing issue after the Supreme Court's ruling, if applicable.[48] Thus, the court denied the defendant's motion to stay.[49]

The Supreme Court has also held that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles

---

[44] *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

[45] *See Jamison*, 2016 WL 320646, at *4.

[46] *Id.* at *1.

[47] *Id.* at *4.

[48] *Id.*

[49] *Id.*; *see also Alexander v. Navient Sols., Inc.*, No. 5:15-CV-00837-RP, 2016 WL 11588317, at *2 (W.D. Tex. Feb. 19, 2016) (denying motion to stay, which sought to stay proceeding pending resolution of similar standing issue in U.S. Supreme Court case, because "[s]tanding is jurisdictional, and Defendant can reassert at any time that this Court lacks the jurisdiction to hear Plaintiffs' claim").

the rule of law that will define the rights of both."[50] In *Landis*, respondents sought to enjoin enforcement of the Public Utility Holding Company Act of 1935 by arguing that it was unconstitutional.[51] After respondents filed suit, several other lawsuits seeking the same relief were filed throughout the country.[52] The government moved to stay the injunction proceedings to secure an early determination of its rights by proceeding with certain other test cases.[53] Although the district court first granted the stay, the Supreme Court granted certiorari and vacated the "unreasonable" stay order because "the proceedings in the District Court have continued more than a year. With the possibility of an intermediate appeal to the Circuit Court of Appeals, a second year or even more may go by before this court will be able to pass upon the Act."[54] Here, too, a cursory examination of the course of various appeals in this bankruptcy case establishes that it will take several years for the adversary proceedings at issue and their later appeals to be finally resolved.

---

[50] *Landis*, 299 U.S. at 255.

[51] *Id.* at 249.

[52] *Id.* at 250.

[53] *Id.* at 250-51.

[54] *Id.* at 256.

*Chart A-1: Demonstrating Actual Timing from Appeal of Bankruptcy Court Order to Fifth Circuit Judgment*

| District Court Appeal (N.D. Tex.) Case No. | Notice of Appeal of Bankruptcy Court Decision ("NOA") Date | District Court Judgment ("DCJ") Date | Duration NOA to DCJ (Days) | Fifth Circuit Case No. | Fifth Circuit Judgment Date | Duration DCJ to Fifth Circuit Judgment (Days) | Total Duration: NOA to Fifth Circuit Judgment (Days/Years) |
|---|---|---|---|---|---|---|---|
| 3:21-cv-00261-L | 2/3/2021 | 9/26/2022 | 600 | 22-10960 | 7/31/2023 | 308 | **908/2.49** |
| 3:21-cv-00881-x | 4/13/2021 | 7/6/23 | 814 | 23-10911 | 9/16/2024 | 438 | **1,252/3.43** |
| 3:21-cv-01295-X | 5/27/2021 | 9/22/2022 | 483 | 22-10983 | 7/28/2023 | 309 | **792/2.17** |
| 3:21-cv-01590-N | 6/15/2021 | 8/17/2022 | 428 | 22-10889 | 7/1/2024 | 684 | **1,112/3.05** |
| 3:21-cv-01895-D | 8/4/2021 | 1/28/2022 | 177 | 22-10189 | 1/11/2023 | 348 | **525/1.44** |
| 3:23-cv-02071-E | 8/16/2021 | 9/28/2022 | 408 | 22-11036 | 4/26/2024 | 576 | **984/2.70[55]** |

*Chart A-2: Demonstrating Actual Timing of Appeals Still Pending*

| District Court Appeal (N.D. Tex.) Case No. | Notice of Appeal of Bankruptcy Court Decision ("NOA") Date | District Court Judgment ("DCJ") Date | Duration NOA to DCJ (Days) | Fifth Circuit Case No. | Days Pending as of this filing, continuing to accrue |
|---|---|---|---|---|---|
| 3:22-cv-02170-S | 9/20/2022 | 2/28/2024 | 526 | 24-10267 | 728[56] |
| 3:23-cv-00573-E | 3/13/2023 | | | 23-10534 | 554[57] |
| 3:23-cv-02071-E | 9/8/2023 | | | | 375[58] |

---

[55] Remanded to District Court; resolved by stipulation approved July 3, 2024, not court decision.

[56] Briefing completed September 6, 2024, oral argument not set yet.

[57] Direct appeal to Fifth Circuit filed in District Court; oral argument heard in Fifth Circuit on February 8, 2024; no decision yet.

[58] Briefing complete April 3, 2024, oral argument not yet set. Case transferred to another court on August 23, 2024.

| 3:24-cv-01479-S | 3/20/2024 | | | | 181[59] |
| 3:24-cv-01531-X | 6/7/2024 | | | | 101[60] |

Moreover, HMIT will suffer irreparable harm from the indefinite stay of the Motion for Leave (and, by extension, its delay of prosecution of the claims in the Delaware Complaint).

In arguing that a stay was appropriate, Highland ignored the delay that will necessarily occur because of the indefiniteness of the stay and instead contended that a stay "will not force HMIT to wait any time for that issue [of whether it is a beneficiary of the Claimant Trust] to be litigated and decided, much less an 'indefinite' or even 'lengthy' time."[61] Highland missed the point. It is not the delay of a decision on this one issue that matters, it is the delay of HMIT's ability to move forward with its claims in the Delaware Complaint so Seery can be removed as Trustee that matters.

As detailed in its Motion for Leave, HMIT pleaded serious allegations against Seery requiring immediate consideration and Seery's immediate removal as Claimant Trustee. These allegations include, but are not limited to, breaching his duty of loyalty by failing to: (i) pay creditors, (ii) file the GUC Certification, (iii) certify that former equity holders are vested under the CTA, and (iv) maximize the

---

[59] Appellee Brief due October 7, 2024.
[60] Appellee Brief due October 7, 2024.
[61] Motion to Stay at ¶ 10 (ROA.001634-1635).

CORE/3529447.0003/192244963.9

value of the Claimant Trust for the benefit of its beneficiaries by filing unnecessary proceedings and improperly depleting the value of the Claimant Trust by spending inordinate amounts of cash on unnecessary professional fees.[62] Seery has also used (and continues to use) the Claimant Trust to his own pecuniary advantage by funding an increasingly sizable indemnification reserve (pursuant to an Indemnity Sub-trust). He also continues to remain employed at $150,000 a month.[63] Finally, he has effectively given himself a release by attempting to prevent any action against him from proceeding until it is equitably moot.[64] Seery's actions (and inactions) are ongoing and continue to prejudice and harm HMIT as long as they continue. For example, Seery will continue to unnecessarily spend Claimant Trust funds as a false cover for his failure to certify that HMIT is "in the money," a tactic also intended to prevent HMIT from ever challenging Seery's tenure as Claimant Trustee.

In other words, it is not only the delay in having the specific standing issue decided that harms HMIT. A central harm to HMIT is the delay in having the allegations in the Delaware Complaint addressed by a court while Seery's unlawful behavior continues without effective oversight. There is no visibility into precisely what is being paid from the Indemnity Sub-trust, enabling excessive spending to go unchecked. One need only look at the list of hearing participants for nearly every

---

[62] Motion for Leave at ¶ 49 (ROA.001495-1496).

[63] Confirmation Order at ¶ 45 (ROA.000619); CTA at Section 3.13(a)(i) (ROA.001543).

[64] Motion for Leave at ¶¶ 56-60 (ROA.001498-1500).

18

hearing, no matter how minor, to see the huge number of lawyers *attending* in addition to the already large number *appearing*. With the burn rate shown by the last several quarterly reports (averaging around $5.4 million a month for 2023),[65] the harm of a multi-year delay is manifest. Neither Highland's Motion to Stay nor the Court's Stay Order addressed these issues or any of the allegations related to Seery in HMIT's Motion for Leave.

As a result of the indefinite stay requested by Highland and granted by the bankruptcy court, HMIT is unable to move forward with its Motion for Leave until *all* appeals in the Valuation Proceeding and the Claims Trading Proceeding are concluded. If Dugaboy and HMIT are *successful* in the appeals relating to those proceedings, the situation created by the bankruptcy court is even worse. Because at that point, success will still doom HMIT's efforts to have Seery's misconduct addressed on a timely basis that will stop the continuing damage Seery is causing. In other words, even if HMIT is correct and successful at every level of appeal in the Valuation Proceeding, HMIT will still be prejudiced by the several-year delay in resolving the Motion for Leave and the Delaware Complaint while the Valuation Proceeding and Claims Trading Proceeding work their way through the appellate

---

[65] *See* Post-Confirmation Reports filed for both Debtor and Claimant Trust at ROA.001134-1163, ROA.001339-1362, ROA.001606-1629, ROA.001669-1692, ROA.001696-1743. The burn rate for 2024 is opaque because there is no way to know what is being spent from the Indemnity Sub-trust.

process. This is precisely why the Fifth Circuit held in *In re Ramu Corp.* that "[e]ven discretionary stays . . . will be reversed when they are ' immoderate or of an indefinite duration.'"[66] While it is obvious that Highland and Seery would prefer this outcome, it is unfair and irreparably prejudicial to HMIT and, therefore, impermissible.

On the other hand, a denial of the requested stay would not have harmed Highland, let alone irreparably harmed Highland as required by the standards set forth above. Highland's premise for its Motion to Stay—that a stay will "conserve judicial resources and the time, effort, and expense of the litigants"[67]—is demonstrably false. As Highland itself recognizes, it has already briefed whether HMIT is a beneficiary of the Claimant Trust in the Valuation Proceeding.[68] Nowhere in its Motion to Stay did Highland explain how it would be prejudiced or harmed by briefing an issue that it acknowledges is already briefed and that it contends is identical in both proceedings. Meanwhile, Seery continues to improperly consume Claimant Trust assets.

On balance, the irreparable harm HMIT faces while this case remains stayed should have demanded denial of Highland's Motion. Any delay in addressing

---

[66] 903 F.2d 312, 318 (5th Cir. 1990) (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

[67] Motion to Stay at ¶ 8 (ROA.0001634).

[68] *Id.* ¶ 1, 4 (ROA.001631-1632).

Seery's misconduct is unacceptable and tantamount to an outright denial of the relief sought in HMIT's Delaware Complaint. In sum, the bankruptcy court abused its discretion by (1) failing to address the authority cited by HMIT detailing the correct legal standard and (2) determining that Highland had met its substantial burden despite failing to address or apply any aspect of the proper legal standard.

### 2.    The Issues Raised in the Valuation and Claims Trading Proceedings and the Motion for Leave Are Not Identical

The bankruptcy court's reasoning regarding the standing issue also constitutes an abuse of discretion. The bankruptcy courts mistakenly concluded that the Valuation Proceeding and/or the Claims Trading Proceeding would resolve whether HMIT has standing to pursue the Delaware Complaint. This is wrong.

There is no reason to assume that the Claims Trading Proceeding will resolve the issue of standing. Indeed, Highland explicitly recognized this undeniable fact: "Given the scope of the appeal, it is unclear whether the District Court will address the Bankruptcy Court's determination that HMIT is not a beneficiary under the Claimant Trust."[69] In other words, according to Highland, it is unnecessary that the District Court even reach the issue of HMIT's beneficiary status in the context of the Claims Trading Proceeding. Therefore, it was improper for the bankruptcy court to issue a stay pending conclusion of the appeal in that proceeding.

---

[69] Motion to Stay at ¶ 4, n 4 (ROA.001633).

21

There is likewise no reason to expect the District Court to address standing in the context of the Valuation Proceeding. As explained above, the bankruptcy court dismissed the Valuation Complaint, not because of a lack of standing, but under Rule 12(b)(6) based on its finding that Dugaboy could not prove any set of facts that would demonstrate a right to the information it sought in the Valuation Proceeding.[70] Thus, the issue of standing is not relevant to the pending appeal. Therefore, a stay of the proceedings related to the Motion for Leave to await decision on that appeal was inappropriate.

Finally, even if the District Court chose to address standing in the context of the Valuation Proceeding, that still would not resolve the issues raised in this case, making the Stay Order inappropriate. As discussed above, in the Valuation Proceeding, HMIT seeks information about the Claimant Trust's assets. By contrast, in the Delaware Complaint, HMIT seeks to have Seery removed as Trustee because he has breached his fiduciary duties and the duty of good faith and fair dealing. Standing to pursue the Delaware Complaint is not only based on HMIT's status as a beneficiary under Delaware law, but it also is inextricably based on Seery's failure to file a GUC Certification declaring HMIT's status and confirming that HMIT is "in the money." This manipulation is what allows Highland and Seery to argue, among other self-serving things, against HMIT's standing. Delaware law precludes

---

[70] Motion to Dismiss Order at p. 32 (ROA.001906).

a fiduciary like Seery from relying on HMIT's "unvested" beneficiary status to destroy standing where Seery himself controls that status and has breached his duties in failing to declare HMIT vested.,[71] In other words, the claims that HMIT asserts in the Delaware Complaint—and its standing to assert them—turn on an analysis of Seery's conflicts and conduct.[72]

Those issues are totally absent from the Valuation Proceeding. In that proceeding, the claims asserted by HMIT are not premised on Seery's breaches of duty and failure to declare HMIT's interest vested. Instead, that suit largely seeks information to enable the proposed plaintiffs to protect their interests. In other words, the asserted bases for relief are not identical in the two proceedings, and the issue of standing must be addressed differently under different law.

The Delaware Supreme Court addressed a situation like the one here in *Morris*. In *Morris*, the Delaware Supreme Court held that a standing analysis should be more flexible when a defendant controls the facts giving rise to standing.[73] As an example, although standing to assert derivative claims in the context of mergers typically requires equity ownership, there are exceptions. One of these exceptions, described in *Morris*, includes when "the merger itself is the subject to a fraud claim, perpetrated to deprive shareholders of their standing to bring or maintain a derivative

---

[71] Motion for Leave at ¶¶ 39-46 (ROA.001491-1494).

[72] *Id.* at ¶ 49-65 (ROA.001495-1502).

[73] *Morris*, 246 A.3d at 136.

action."[74] *Morris* holds that strict adherence to formulaic standing on a motion to dismiss must yield when the defendant's allegedly unfair conduct destroys the standing necessary to pursue the claim against the defendant.

*Morris* applies to the present issue of standing because Seery's conflicted position and conduct has postured him to argue that HMIT is not a vested beneficiary under the CTA and, as a result, argue that HMIT has no standing to pursue this claim. Thus, the bankruptcy court abused its discretion by determining that standing issues were identical in the Valuation Proceeding and the Delaware Complaint.

### 3.    The Bankruptcy Court Abused Its Discretion by Ordering an Indefinite Stay

Finally, the bankruptcy court abused its discretion by granting relief in the form of an indefinite stay.

The Fifth Circuit has cautioned against granting indefinite stays.[75] There is ample case law holding that an order granting an indefinite stay is subject to appellate review when it amounts to an effective dismissal of the underlying suit.[76]

---

[74] *Id.* at 129.

[75] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985).

[76] *See, e.g.*, *In re Davis*, 730 F.2d 176, 179 (5th Cir. 1984) ("[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration."); *see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135 (3rd Cir. 2004) ("[W]hen a stay amounts to an effective dismissal of the underlying suit, it may be subject to appellate review.") (citing *Cheyney State Coll. Fac.*, 703 F.2d 732, 735 (3d Cir. 1983)); *Wheeling-Pittsburgh Steel Corp. v. McCune*, 836 F.2d 153, 158 (3rd Cir. 1987) ("Although stay orders are not usually appealable, there is an exception where an indefinite stay order unreasonably delays a plaintiff's right to have his case heard.") (quotations omitted).

24

For that reason, in deciding to grant a stay, a "court must also carefully consider the time reasonably expected for the resolution of the other case."[77] The Fifth Circuit explained that a stay is "manifestly indefinite" (and inappropriate) where the "stay hinged on completion" of "bankruptcy proceedings [that] are not likely to conclude in the immediate future."[78]

Here, the bankruptcy court failed to correctly address (1) the proper standard for considering the timing and length of pending appeals and (2) whether the relief sought by HMIT would be available after the indefinite stay. Rather than weigh the likely duration of appeals in the Valuation and Claims Trading Proceedings (or even consider how long appeals emanating from the HCMLP bankruptcy typically take to resolve), the bankruptcy court merely implied that "judicial economy" favored a stay.[79] The bankruptcy court did not explain why it considered this, especially in relation to the undeniable fact that, as explained above, the proceedings involve different claims with different standing concerns, meaning that resolution of one need not impact any other. Thus, even if "judicial economy" were a proper consideration (it is not), the bankruptcy court's conclusions about servicing that goal are speculative at best. More importantly, the bankruptcy court did not properly

---

[77] *In re Davis*, 730 F.2d at 179.

[78] *Id.*

[79] June 12, 2024 Hearing Transcript at 42:2-45:11 (ROA.002029-2032).

consider the length of the stay it was entering, which is mandatory before its issuance. That was reversible error.

Moreover, the bankruptcy court's stay effectively amounts to a dismissal because, given the years it will likely take to resolve the pending appeals, the relief sought by HMIT in the Delaware Complaint will likely no longer be available. Once the pending appeals wind their way through the appellate courts (and potentially beyond, if any proceedings are necessary on remand), the Claimant Trust will by its terms be dissolved and Seery's duties as Claimant Trustee complete.[80] Further, because "standing is jurisdictional" and can be challenged "at any time," an indefinite stay to resolve an issue of standing is inappropriate. If there are dispositive rulings in other cases, their impact, if any, on the standing issue in the Motion for Leave can be addressed at that time.[81]

Thus, the bankruptcy court abused its discretion by indefinitely staying the proceedings.

---

[80] Under the Claimant Trust Agreement, the Claimant Trust is to be dissolved no "later than three years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary . . . determines that a fixed period extension (not to exceed two years, together with any prior extensions) is necessary[.]" The Court entered an order confirming this provision of the Claimant Trust Agreement. *See* Confirmation Order at ¶ M (ROA.000652); CTA at Section 9.1 (ROA.001558). The three-year period was set to expire on August 11, 2024. On July 1, 2024, Highland moved to extend the term of the Claimant Trust until August 11, 2025. *See* Amended Motion for an Order Extending Duration of Trusts, Dkt. 4109 (of which the Court can take judicial notice).  The Court granted the extension, Dkt. 4144 (of which the Court can take judicial notice).

[81] *See Jamison*, No. 3:15-CV-2484-B, 2016 WL 320646, at *4 (N.D. Tex. Jan. 27, 2016); *see also Alexander*, No. 5:15-CV-00837-RP, 2016 WL 11588317, at *2 (W.D. Tex. Feb. 19, 2016).

CORE/3529447.0003/192244963.9

## VII.  CONCLUSION AND RELIEF SOUGHT

The bankruptcy court abused its discretion in issuing the indefinite Stay Order without appropriately evaluating and applying the legal standard for issuing a stay. For this and all the reasons set forth above, this Court should reverse the bankruptcy court's Stay Order in its entirety and grant any further relief as the Court deems proper and just.

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of FED. R. BANKR. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by FED. R. BANKR. P. 8015(g), this document contains 6,674 words; and

This document complies with the typeface requirements of FED. R. BANKR. P. 8015(a)(5) and the type-style requirements of FED. R. BANKR. P. 8015(a)(6) because: this document has been prepared in a proportionally spaced typeface Microsoft Word in size 14 font, Times New Roman, with the exception of charts that would not format properly in size 14 font.  The two charts are in size 11 font for ease of readability.

CORE/3529447.0003/192244963.9

Respectfully submitted,

**STINSON LLP**

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
*Counsel for Appellant Hunter Mountain*
*Investment Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 16, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez

CORE/3529447.0003/192244963.9